ALBANY,
Oct. 1825.

Ex parte
Ward.

*Ex parte* WARD.

A judge of the common pleas, counsellor, &c. may consent to a new trial without having been present at the trial.

IN trover, by Ward against Esty, in the Ontario C. P Howell, First Judge, a counsellor at law of this Court, was not present at the trial, or any part of it; but the verdict being for the plaintiff, he consented, on a motion afterwards made, that a new trial should be granted, on the merits.

*J. C. Spencer*, now moved for a mandamus commanding that Court to set aside their rule for a new trial, and proceed to judgment. He contended that the true construction of the proviso in the 3d section of the act concerning the Courts of Common Pleas (2 R. L. 141, 142,) is, that the Judge who is counsellor, and assenting to the new trial, shall be present at the trial. How can he judge whether the verdict be against evidence, if he has not heard it ? By the section cited, these Courts are to hear, try, and determine. If the counsellor *did not* hear, how can he judge as to a new trial ? Will it be said that he can obtain a competent knowledge from the notes or reports of the other judges, or from affidavits ? Such never could have been the intention of the statute. Suppose a judge newly appointed after a trial; ought he to be permitted to award a new trial ?

*M. H. Sibley*, contra.

*Curia.* The *proviso* relied upon is, " that no new trial shall be granted, otherwise than for irregularity, unless one of the judges present and concurring, shall be of the degree of counsellor at law in the Supreme Court of this state." This *presence* and *concurrence* are referable to the time of granting the motion ; not the time of trial. It must depend on the judge's own discretion, upon the means of information, and circumstances of the case whether he will interfere. We deny the motion, but without costs.

Motion denied.